# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 4357 | **DATE** | October 12, 2004 |
| **CASE TITLE** | Barbara N. Grant v. AIG Technical Services, et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion to demand remuneration [ ] is denied. Defendants' motion to dismiss [ ] is granted. Because we see no possibility of successful amendment, the dismissal is with prejudice. ENTER MEMORANDUM OPINION.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| X | Notices MAILED by judge's staff. | | OCT 15 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 20 |
| X | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | U.S. DISTRICT COURT | KAM | mailing deputy initials |
| | | 2004 OCT 14 AM 11:37 | | |
| | | Date/time received in central Clerk's Office | | |

(Reserved for use by the Court)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

BARBARA N. GRANT,                        )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )     No. 04 C 4357
                                         )
AIG TECHNICAL SERVICES, INC.,            )
NATIONAL UNION FIRE INSURANCE            )
COMPANY OF PITTSBURGH, PA., and          )
AMERICAN INTERNATIONAL GROUP, INC.,)
                                         )
            Defendants.                  )

**DOCKETED**

OCT 1 5 2004

### MEMORANDUM OPINION

Before the court are defendants' motion to dismiss the complaint and plaintiff's motion to demand remuneration. For the following reasons, defendants' motion is granted, and plaintiff's motion is denied.

### BACKGROUND

This is an action originally brought in the Circuit Court of Cook County by pro se plaintiff Barbara N. Grant against defendants AIG Technical Services, Inc., National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), and American International Group, Inc. Defendants, who are affiliated insurance organizations, removed the case to this court on June 30, 2004, based on diversity jurisdiction.

20

The complaint alleges the following claims: "cause of action to obtain punitive damages against insurer for refusal to settle or pay claim" (Count I) and intentional infliction of emotional distress (Count II). Defendants now move to dismiss plaintiff's claims. In her response brief to defendants' motion, plaintiff also attempts to assert a "Count III" for "interference with prospective business advantage," so we will treat the complaint as if it includes that claim as well. Plaintiff also brings a "motion to demand remuneration."

## DISCUSSION

Because Grant proceeds <u>pro se</u>, we have a special responsibility to construe her complaint liberally and to "take appropriate measures to permit the adjudication of <u>pro se</u> claims on the merits, rather than to order their dismissal on technical grounds." <u>Donald v. Cook County Sheriff's Dept.</u>, 95 F.3d 548, 555 (7th Cir. 1996).

### A.   Rule 8

Defendant first argues that Count I fails to meet the requirements of Federal Rule of Civil Procedure 8. Pursuant to Rule 8(a)(2), a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(e)(1) requires each averment of a pleading to be "simple, concise, and direct." Taken together, these two requirements "underscore the emphasis placed on clarity and brevity

by the federal pleading rules." 5 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1217, at 246 (3d ed. 2004). The primary purpose of these provisions is rooted in fair notice; a "complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." <u>Wade v. Hopper</u>, 993 F.2d 1246, 1249 (7th Cir. 1993) (citation omitted).

It is a close call whether the complaint meets the requirements of Rule 8; it likely fails, for it is rather confusing and does not supply all the necessary facts to understand plaintiff's claim. We will, however, take the complaint together with plaintiff's response to defendants' motion for purposes of proceeding to defendants' Rule 12 argument. When we cobble together the alleged facts as laid out in the complaint and the response, a largely coherent representation of plaintiff's claims emerges, and it is as follows.

Plaintiff's complaint is rooted in a soured former employment relationship and related alleged wrongdoings by third parties--her previous employer and a co-worker. Evidently, plaintiff was formerly employed as an insurance agent and was paid strictly on a commission basis. At some point, plaintiff departed the agency on bad terms, one of which was the fact that the agency asserted that in the end, plaintiff owed the agency money due to benefits provided and chargebacks of commissions on policies that had

lapsed. (Plaintiff maintains that the chargebacks were wrongful and that her clients were "stolen" by a co-worker.) The agency pursued the debt, and it eventually appeared on plaintiff's credit report. Much litigation between plaintiff and her former employer and co-worker ensued. According to plaintiff, she has been forced to use, for her significant legal and living expenses, monies from a trust account provided by her family. Plaintiff seeks to recover from defendants these expeditures from her trust account. She alleges that they have refused to "pay claims" in relation to an errors and omissions insurance policy issued by National Union to her former employer and co-worker.

We decline, therefore, to dismiss the plaintiff's complaint under Rule 8 because on the whole, when taken together with plaintiff's response, it adequately informs defendants of the claims asserted against them.

## B. Rule 12(b)(6)

Defendants' next argument is that the complaint fails to state a claim against them pursuant to Rule 12(b)(6). The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 354 (3d ed. 2004). When evaluating such a motion, the court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Hentosh

v. Herman M. Finch Univ. of Health Sciences, 167 F.3d 1170, 1173
(7th Cir. 1999). Dismissal is appropriate only if "'it is clear
that no relief could be granted under any set of facts that could
be proved consistent with the allegations.'" Ledford v. Sullivan,
105 F.3d 354, 356 (7th Cir. 1997) (quoting Hishon v. King &
Spalding, 467 U.S. 69, 73 (1984)).

Even construing the complaint liberally, as we must, we agree
with defendants. Plaintiff has recited a litany of wrongdoing, but
by third parties who are not the named defendants in this action.
Plaintiff herself concedes that "[t]he Defendants' Client [who is
her former employer] may be in fact the party with whom to demand
restoration of her trust principal from numerous months of having
to handle collection agency phone calls, alleged unlawful debt
reporting, and numerous correspondences and litigation to resolve
the matter from full commission employment with the Defendants'
Client and afterwards during which [plaintiff] suffered financial
damages." (Plaintiff's Response at 3-4.)

In Count I, plaintiff attempts to assert a claim for
defendants' alleged refusal to pay an insurance claim. If
plaintiff were the insured policyholder, this would be a breach of
contract claim. But plaintiff alleges that defendants' client, her
former employer, is the insured. Plaintiff's claim is thus one
against the insurer(s) of the parties whom she claims acted
wrongfully. In Illinois, public policy prohibits direct actions

against insurers for any wrongdoing by alleged tortfeasor insureds. See American Family Mut. Ins. Co. v. Savickas, 739 N.E.2d 445, 453 (Ill. 2000) (citing Marchlik v. Coronet Ins. Co., 239 N.E.2d 799 (Ill. 1968)). Indeed, plaintiff has not even alleged that there has been a prior determination by a court of the insured's liability here. Count I of the complaint will be dismissed.

In Count II, plaintiff attempts to state a claim for intentional infliction of emotional distress for defendants' failure to pay the aforementioned claim. Defendants argue that we must dismiss Count II because plaintiff has failed to allege conduct that is extreme and outrageous or that defendants intended to inflict severe emotional distress. The elements of an intentional infliction of emotional distress claim under Illinois law are (1) the defendant's conduct was extreme and outrageous; (2) the defendant either intended for his conduct to inflict severe emotional distress or knew that there was a high probability that his conduct would do so; and (3) the defendant's conduct in fact caused severe emotional distress. See Rekosh v. Parks, 735 N.E.2d 765, 772 (Ill. App. Ct. 2000). We agree that the complaint falls far short of alleging extreme and outrageous conduct. This is especially so because, as stated supra, plaintiff has not alleged a prior determination of the insured's liability here. Moreover, plaintiff has not alleged that defendants intended to cause severe

emotional distress or knew that there was a high probability that their conduct would do so.  Count II will be dismissed.

Finally, plaintiff attempts to assert a "Count III" for interference with prospective business advantage in her response to defendants' motion.  We construe the assertion of this claim as a request to amend the complaint to add this count and accordingly consider it a part of the complaint.  The elements of a claim for tortious interference with prospective economic advantage are as follows: (1) plaintiff's reasonable expectation of a valid business relationship or economic advantage; (2) defendants' knowledge of the expectancy; (3) intentional interference by the defendants that defeated the expectancy; and (4) damages to plaintiff resulting from the interference.  See Douglas Theater Corp. v. Chicago Title & Trust Co., 641 N.E.2d 584, 590 (Ill. App. Ct. 1994).  Plaintiff merely alleges that her apartment needs remodeling and that the defendants' failure to pay her will delay construction and "could" affect an eventual sale of her apartment.  These allegations are not sufficient to state any of the elements of a tortious interference claim.  Accordingly, Count III will be dismissed as well.

Plaintiff's motion to demand remuneration, which seeks the same relief sought in the complaint, is denied.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to demand remuneration is denied. Defendants' motion to dismiss is granted. Because we see no possibility of successful amendment, the dismissal is with prejudice.

DATE:                October 12, 2004

ENTER:

John F. Grady, United States District Judge